UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ASKRA MARITIME CO. LTD. | ) |
| Petitioner, | ) Case No.:   12-cv-02291 |
| -against- | ) Judge: |
| ARCHER DANIELS MIDLAND and ADM INTERNATIONAL S.A.R.L. | ) Magistrate: |
| Respondents. | ) |

## VERIFIED PETITION

Petitioner, ASKRA MARITIME CO. LTD., by and through its undersigned counsel, files this Verified Petition to Confirm, Recognize and Enforce four London arbitration awards issued in its favor against Respondents, ARCHER DANIELS MIDLAND ("ADM") and ADM INTERNATIONAL S.A.R.L (as assignees of ADM), ("ADMI") and upon information and belief, states as follows:

1. ASKRA MARITIME CO. LTD. ("Askra") is a foreign company incorporated under and in accordance with the laws of a foreign country and was the Owner of the Vessel M/V GOLDEN SEA.

2. Upon information and belief, ADM was the original charterer of the M/V GOLDEN SEA pursuant to a Charter Party dated 16 October 2006 and on 25 January 2008, they assigned the Charter Party to ADM International S.A.R.L. a wholly-owned affiliate to ADM("ADMI"). Upon information and belief ADM is incorporated under the laws of the State of Illinois with its worldwide headquarters in Decatur, IL. ADMI is incorporated in Rolle, Switzerland.

1

3. This Court has subject matter jurisdiction over this dispute pursuant to the Federal Arbitration Act, 9 U.S.C. § 203. Venue is proper in the Central District of Illinois pursuant to 9 U.S.C. § 204.

4. Askra and ADM entered into a charter party contract dated October 16, 2006 whereby Askra agreed to charter the Vessel M/V GOLDEN SEA to ADM. A copy of that charter party contract is attached hereto as Exhibit 1. ADM assigned the charter party to ADMI.

5. A dispute did arise out of the charter party following Charterers' Notice of Termination dated December 23, 2008.

6. Pursuant to the Clause 77 of this charter party, the parties agreed to submit all disputes arising out of the contract to arbitration in London.

7. Both parties participated in an arbitration proceeding in London pursuant to the agreed upon methods and procedures in the charter party in place between them.

8. After submissions by both parties and due consideration, the duly appointed arbitrators issued a series of Final Awards on Preliminary Issues under which they awarded the sums of € 45,988.24 and £ 91,721.17 for costs, inclusive of interest which converts as of 27 November 2012 into [USD 206,545.20] against ADM and ADMI. Copies of the final awards are attached hereto as Exhibits 2 through 5 inclusive.

9. Despite due demand, Respondents ADM and/or ADMI as assignee, have failed to make payment of any portion of these Awards to date.

10. The Charter Party between Askra and ADM and ADMI constitutes a commercial transaction within the meaning of the Federal Arbitration Act.

11. The Final Arbitration Awards in favor of Askra and against ADM and ADMI are valid and final arbitration awards.

12. In addition to ADM and ADMI being jointly and severably liable for the final arbitration awards, ADM is a guarantor and assignor and as such is liable to Askra as guarantor of ADMI's obligations.

**WHEREFORE,** Petitioner Askra prays that:

A. The Awards be duly recognized and confirmed as a judgment of this Court; and,

B. That judgment be rendered in its favor and against the Respondent, ADM and ADMI, jointly and severably in the total sum of [USD 206,545.20], which is the amount that was awarded to Askra in the arbitration in London; and

C. Such other relief as this Court deems just proper and equitable.

/s/ Dennis Minichello
Dennis Minichello
Marwedel, Minichello & Reeb, P.C.
10 S. Riverside Plaza
Suite 720
Chicago, IL  60606
P:  312/445-5312
F:  312/902-9900